BURGESS (ROACH v.). See Case No. 11,873.

BURGESS (SAFFORD v.). See Case No. 12,213.

BURGESS (SALMON v.). See Case No. 12,262.

BURGESS (SHERWOOD v.). See Case No. 12,775.

## Case No. 2,155.

BURGTHAL v. The GEORGE SKOLFIELD.

[Betts' Scr. Bk. 150.]

District Court, S. D. New York. October 31, 1849.

SHIPPING — LIABILITY OF VESSEL FOR NONDELIVERY OF SHIPMENT.

[Placing consigned goods in a public store without notice to the consignee, a well-known resident of the port, renders the ship liable for their loss in the store.]

[In admiralty. Libel by Carl B. Burgthal against the ship George Skolfield to recover for nondelivery of goods shipped. Decree for libelant.]

This suit seeks the recovery of the value of a large bale of merchandise and portions of the contents of several boxes, all allowed to have been shipped in good order at Bremen. The defence is that the missing bale was never received on board the ship, and that the boxes, if rifled of their contents, were broken open before received by the ship, or after they left the ship and were placed in the public store. THE COURT held that the clear preponderance of proof was that the bale was laden on board the ship, and that the boxes were received there in good order, and held that the ship was responsible for the value of the bale. Held, also, that the ship was liable for the loss of goods in the public store, if sent there without previous notice to the consignees, where the consignees were known and resident of this port. But held that, on the evidence, there is a great doubt whether the bale, when laden at Bremen, contained the whole of articles packed in at Vienna, and ordered a reference to a commissioner to ascertain the value of the articles missing from the boxes.